## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Settlement Agreement and General Release ("Agreement") of              , 2018, by and between Anthony Robinson ("Robinson"), his heirs, executors and assigns, (collectively "Plaintiff") and Miller Avenue Realty, Inc., Partners for Housing, L.P., and Abraham Brender their respective divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, assigns, officers, directors, trustees, and employees, including, but not limited to, all agents, stockholders, partners, members, administrators, representatives, attorneys, insurers or fiduciaries in their capacities as such (collectively "Defendants").

**WHEREAS**, Plaintiff commenced a lawsuit against the Defendants which is pending in the United States District Court, Eastern District of New York Docket No. 17-CV-4676, styled, *Miller Avenue Realty, Inc., 111 Est 14th Street, Suite 146, New York, NY 10003, Partners for Housing – BK10F, LL.P., 111 East 14th Street, Suite 146, New York, NY 10003, Abraham Brender, 111 East 14th Street, Suite 146, New York, NY 10003,* (the "Federal Matter"), in which Robinson has asserted various claims and avers he is entitled to, *inter alia*, alleged unpaid wages and unpaid overtime from Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, New York State Labor Law and other statutes; and,

**WHEREAS**, Defendants denied they violated the aforementioned laws (and/or any other laws or regulations regarding same); asserted Plaintiff is not entitled to any additional wages, asserted Plaintiff was fully and properly paid for services he purportedly performed for Defendants, and otherwise vigorously defended against the Federal Matter; and,

**WHEREAS**, the parties are desirous of resolving these disputes and any and all disputes without incurring further time, expense, or attorneys' fees; and,

**WHEREAS**, the terms of this Agreement were fully reviewed by Plaintiff and his attorneys and all parties have had a sufficient opportunity to consider this Agreement and review this Agreement with their respective attorneys; and,

**WHEREAS**, the parties have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion or duress;

**NOW, THEREFORE** in consideration of the covenants, releases, representations, obligations and promises contained herein and for other good and valuable consideration, it is mutually agreed as follows:

1. Any and all disputes Plaintiff has with Defendants are fully settled in accordance with the terms more fully set forth herein.

2. **Consideration.**

The parties for the good and sufficient consideration set forth below agree as follows:

    a. Except as provided in paragraph 2(b) hereinafter, the parties agree Plaintiff is not presently entitled to any pay, damages, monies, or benefits from Defendants including, but not limited to, wages, compensatory damages, statutory damages, punitive damages, attorney's fees, expenses, commissions, bonuses, sick pay, holiday pay, vacation pay, severance payments, wages, salary or consulting payments.

    b. In consideration for Plaintiff's execution of this Agreement and Plaintiff's release of any and all claims noted in Paragraph 3, Defendants agree to pay Plaintiff and his attorneys, by remitting to Plaintiff's attorneys the amounts as set forth in Exhibit "A" annexed hereto within the time period provided therein.

    c. Plaintiff understands and agrees that he would not receive the monies specified in this Agreement except for his execution of this Agreement and his agreement to fulfill the promises described herein.

3. **Release.**

In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiff hereby releases and forever discharges Defendants, their respective divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, in their capacities as such, including but not limited to Abraham Brender, and attorneys including without limitation attorneys who appeared in this action, and insurers or fiduciaries, past, present or future, of and from any and all claims Plaintiff may now have, could have made, or did make in the Federal Matter relating to Defendants' alleged failure to pay overtime, minimum wage, spread of hours compensation, prevailing wages, failure to provide wage notices, and failure to provide wage statements, pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, New York Labor Law, local law, and all rules and regulations regarding same. This release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees and costs.

4. **Plaintiff's Representations and Covenants.**

    a. *Covenant Not to Sue:* Except as provided in Paragraph 4(k) herein, Plaintiff hereby covenants and agrees not to sue, commence, prosecute and continue any other proceeding or complaint (civil, administrative or criminal), or accept any relief individually or as a member of a class, against Defendants in any court of law or equity, or before any administrative agency, in his own name, or accept any relief as a member of a class, against Defendants in any court of law or equity, or before any administrative agency, with respect to any matter arising or derivative from his association with Defendants and with respect to any

816144-6      2

claim of a violation of the laws and regulations set forth in Paragraph 3. Robinson agrees to discontinue and withdraw any existing or pending proceedings or complaints brought in his own name, or in his place in whole or in part, against Defendants. In furtherance of this provision, Plaintiff's counsel will execute the Stipulation pursuant to FRCP 41(a)(2) titled "Voluntary Dismissal With Prejudice" attached hereto as Exhibit B. Any documents confirming the withdrawal, dismissal and/or closure of said proceedings and complaints must be sent by Plaintiff to the attorneys for Defendants pursuant to paragraph 9(a). In the event any administrative agency fails or refuses to close any proceeding or complaint filed by Plaintiff against Defendants notwithstanding Plaintiff's filing of said notice, Plaintiff agrees to take any and all steps reasonably necessary to bring about the final closure of such proceeding or complaint.

    b. *Sufficiency of Consideration:* Except as provided in Paragraph 4(k) herein, Plaintiff expressly understands and agrees the obligations under this Agreement and tender of the payment described herein are in lieu of any and all other amounts to which Plaintiff might be, is now, or may become entitled to receive from Defendants upon any claim whatsoever pursuant to the laws and regulations set forth in Paragraph 3 and, without limiting the generality of the foregoing, Plaintiff expressly waives any right or claim that he may have or assert any additional claims against Defendants, or payment for back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, overtime, severance pay, liquidated damages and/or attorneys' fees or costs with respect to or derivative from Plaintiff's employment with Defendants. Plaintiff further understands and agrees that the payment described herein is over and above any obligations and payment(s) from Defendants to which Plaintiff may have been entitled. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff referenced in Exhibit A are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act.

    c. Furthermore and as provided in Paragraph 4(k) herein, Plaintiff hereby covenants and agrees not to recover any monetary damages or equitable relief (civil, administrative or criminal), individually or as a member of a class, against Defendants in any court of law or equity, or before any administrative agency, with respect to any matter arising or derivative from his employment with Defendants or his separation from employment with Defendants pursuant to the laws and regulations set forth in Paragraph 3.

    d. *Cooperation:* Except as provided in Paragraph 4(k) herein, Plaintiff agrees that, in the event he is subpoenaed by any person or entity to give testimony (in a deposition, court proceeding or otherwise) which in any way relates to any subject matter directly or indirectly relevant to the instant proceedings and settlement, he will give prompt and reasonable notice of such request (but no later than within three (3) business days of receipt of the request) to Defendants as set forth in Paragraph 9(b) of this Agreement and will make no disclosure (unless required by law) until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

    e. *Non-Disparagement:* Except as provided in enumerated Paragraph 4(k) herein, Plaintiff and Defendants have not and will not engage in any conduct that is injurious to the reputation and interests of the parties to this Agreement including publicly disparaging (or

inducing or encouraging others to publicly disparage), denigrating, or criticizing the parties to this agreement regarding any subject matter, including without limitation those allegations that are relevant to the instant proceedings, and settlement, except that Plaintiff and Defendants may make truthful statements about the instant case. This provision covers statements and other communication made via the internet.

    f. *Non-Contest:* Defendants agree they will not proactively challenge any request made by Plaintiff for receipt of benefits pursuant to the New York State Unemployment Insurance Law. However, this Agreement does not modify or alter Defendants' rights or responsibilities pursuant to federal and New York State law concerning the timely and accurate response to inquiries from the New York State Department of Labor ("NYSDOL") regarding such application. Plaintiff acknowledges Defendants have no control over whether the NYSDOL will grant Plaintiff benefits pursuant to New York State Unemployment Insurance Law. As such, Plaintiff will not file any separate claim against Defendants should Plaintiff be denied benefits pursuant to the New York State Unemployment Insurance Law.

    g. *Non-Disclosure:* Plaintiff agrees and represents he will not voluntarily disclose the contents of or produce to third parties "Defendants' Information" as defined in paragraph 4(i) below. Plaintiff further agrees he will not voluntarily disclose any files, documents, or other information in his possession, custody or control which pertain, refer or relate to Defendants, its affiliates, officers, directors, members, or employees, including documents which refer to Defendants' business, current or past employees, employee directories, training manuals, files, correspondence, notes, statements, tapes, logs, summaries, diaries, minutes, transcripts, or other documents relating to Plaintiff's claims, and all copies thereof, and that any material subject to this paragraph that is or has been stored in any form, including but not limited to, on a computer. In the event Plaintiff discloses any such files, documents or equipment, either voluntarily or involuntarily, Plaintiff shall provide written notice to Defendants in accordance with Paragraph 9(a) of this Agreement of the information, files, documents or equipment that were disclosed and the identity of the individual(s) to whom same was disclosed.

    h. *Plaintiff to Vacate Apartment:* Plaintiff agrees and represents he will vacate his apartment (located at 437 Miller Avenue, Brooklyn, New York 11207) within five (5) days of the court "So Ordering" this Agreement. Plaintiff further agrees and acknowledges he will maintain in good condition said apartment during the pendency of this action up to and including the date he vacates the apartment. Plaintiff acknowledges he will leave the apartment in "broom swept" condition and he will be responsible for any damages to the apartment. Plaintiff also agrees to withdraw any and all claims related to the condition of his apartment presented to any agency or court.

    i. *Return of Defendants' Information:* Plaintiff represents he has returned to Defendants and/or destroyed and/or deleted all "Defendants' Information," including, without limitation, keys and other items permitting access to any of Defendants' buildings, apartments or other structures, mailing lists, client lists, employee lists, Defendants' financial information, reports, contracts, memoranda, records and software, computer, file keys, security access codes, computer access codes or disks and other physical or personal property which Plaintiff received, prepared or helped prepare, and that Plaintiff will not retain any copies, duplicates, reproductions

816144-6    4

or excerpts thereof. The term "Defendants' Information" as used in this Agreement includes but is not limited to: (a) information not generally known to the public and includes information about Defendants' businesses or Defendants' affiliates and other information concerning Defendants; (b) other financial or proprietary information, the use or disclosure of which might reasonably be construed to be contrary to the interests of Defendants or Defendants' affiliates; and (c) any other document Plaintiff removed from Defendants' place of business.

    j. Plaintiff acknowledges and represents he is not currently suffering from any injury or disease including, but not limited to, a stress-related injury or disease, caused by or in any way related to his employment with Defendants.

    k. Nothing in this Agreement shall be construed to restrict any communication or participation Plaintiff may have with any agency of the United States government, subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law. Plaintiff understands that although he is not prohibited from filing a charge or complaint against Defendants with any agency of the United States government, any subdivision thereto, or any State or Municipal government agency charged with the enforcement of any law by virtue of this Agreement, Plaintiff waives any right to recover monetary damages in any charge, complaint or lawsuit filed by Plaintiff or anyone else on Plaintiff's behalf with respect to any of the laws and regulations set forth in Paragraph 3.

5. **No Admission.**

    a. This Agreement shall not in any way be construed as an admission by Defendants that they acted wrongfully with respect to Plaintiff or any other individual, or that Plaintiff has any rights whatsoever against Defendants. Defendants specifically disclaim any liability for any purported wrongful acts against Plaintiff on the part of themselves, their officers, employees, and/or agents. Further, this Agreement shall not in any way be construed as an admission by Defendants as to any allegations set forth in the Federal Matter.

    b. All parties acknowledge this matter as being settled to avoid further litigation and its concomitant expense.

6. **Enforceability.** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of the provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to execute promptly a release, waiver and/or covenant that is legal and enforceable.

7. **Injunctive and Other Relief.** The parties agree any breach of the promises contained in this Agreement may cause permanent and irreparable damage to Defendants for which a remedy at law will be inadequate. Consequently, Defendants shall be entitled to injunctive relief prohibiting any such breach or threatened breach or violation, or to specific performance of this Agreement. This does not limit other relief to which Defendants might be

816144-6                       5

entitled in the event of any breach or threatened breach of this Agreement including, but not limited to, an appropriate award of compensatory, punitive and/or liquidated damages. No bond or other security shall be posted by either party as a pre-condition to the issuance of an injunction.

8. **Release Notification and Withdrawal.**

    a. Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel. Plaintiff acknowledges he did so; it is his choice to waive any potential claims (those set forth in Paragraphs 3 and 4(h)) in return for the benefits set forth herein; and, said choice was made after careful thought, and after consulting with his attorneys. Plaintiff represents he has been advised to and did consult legal counsel regarding this Agreement. Plaintiff further represents that after having had a full opportunity to review and consider the terms and conditions of this Agreement, and having discussed them with any member of his immediate family, counsel or financial advisor of his own choosing, and having had sufficient time to review and consider this Agreement, Plaintiff fully understands all of the provisions of this Agreement and has executed same freely and voluntarily.

    b. Plaintiff must return this Agreement to Defendants with his original and notarized signature by December 21, 2017, a date in excess of twenty-one (21) days from its delivery to Plaintiff. Plaintiff acknowledges that he has been given at least twenty-one (21) days to consider this Agreement carefully, and Plaintiff fully understands and agrees to all of its terms. If the Agreement is not returned with Plaintiff's original and notarized signature to Defendants by said date, it will be null and void *ab initio* at Defendants' election and in their sole discretion.

    c. Plaintiff may revoke this Agreement within seven (7) days of Plaintiff's execution. This seven (7) day time period will begin to run the day after Plaintiff has executed this Agreement. If Plaintiff revokes the Agreement, it shall be rescinded in its entirety and Plaintiff will not receive the benefits set forth herein. Said revocation must be delivered, in writing, via facsimile, regular mail or federal express to Gerald C. Waters, Jr., Esq. Meltzer, Lippe, Goldstein, & Breitstone, LLP, 190 Willis Avenue, Mineola, New York 11501; fax: (516) 237-2893, and received within seven (7) days of the execution of this Agreement. If Plaintiff does not revoke this Agreement, it shall become effective eight (8) days after Plaintiff has signed it. If the last day of the revocation period is a Saturday, Sunday or legal holiday in New York, then the revocation period shall not expire until the following day which is not a Saturday, Sunday, or legal holiday.

9. **Miscellaneous.**

    a. Any inquiries regarding Plaintiff's employment will be directed, in writing only by facsimile or regular mail, to Abraham Brender, Miller Avenue Realty, Inc., located at 46 Lenox Avenue, East Orange, New Jersey 07018, fax: 973-678-3380. Abraham Brender, will respond to any such inquiry, in writing by facsimile or regular mail, with Plaintiff's dates of employment and position held (Janitor) with Defendants.

  b. All notices or other communication provided for or permitted herein, other than as set forth in 8(c), shall be in writing, and mailed by U.S. Registered or Certified Mail/Return Receipt Requested, reputable overnight express courier (Fed Ex, UPS, etc.) or sent by telecopy or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the party entitled or required to receive same, at the address set forth below or at such other address as such party shall designate by a notice given pursuant to this paragraph. All such notices, etc., shall be deemed given when mailed in accordance with this paragraph.

  i) *If to Plaintiff:*
   David C. Wims, Esq.
   Law Office of David Wims,
   1430 Pitkin Ave., 2nd Floor
   Brooklyn, New York 11233
   Fax: (646) 393-9552

  ii) *If to Defendants*
   Miller Avenue Realty, Inc.
   Attn: Abraham Brender
   46 Lenox Avenue,
   East Orange, New Jersey 07018
   Fax: 973-678-3380

with a copy to:

   Gerald C. Waters, Jr., Esq.
   Meltzer, Lippe, Goldstein & Breitstone, LLP
   190 Willis Avenue
   Mineola, NY 11501
   Fax: (516) 237-2893

  c. This Agreement and its annexed exhibits contain the entire understanding between the parties hereto concerning the subject matter hereof, supersedes any and all prior agreements among the parties with respect to the subject matter hereof, and may not be changed, modified, or altered, nor any of its provisions waived, except by an agreement in writing signed by the parties hereto. A waiver by any party of any of the terms or conditions of this Agreement, or of any breach thereof, shall not be deemed a waiver of such term or condition hereof, or of any subsequent breach thereof. All rights and remedies by this Agreement reserved to any party shall be cumulative and shall not be in limitation of any other right or remedy which such party may have at law, in equity, or otherwise.

  d. Should there be any ambiguity with respect to the interpretation of this Agreement, no inference will be drawn against the drafter of the Agreement in connection with said dispute. This Agreement will be interpreted by the trier of fact without regard to the identity of the drafter of the Agreement.

816144-6       7

e. As of the date of execution of this Agreement, Plaintiff and his counsel are unaware of any individual(s) who is ready, willing and able to file a civil action for damages, or otherwise proceed in any manner, against the Defendants, for any of the type of claims asserted in the Complaint filed in the Federal Matter.

f. This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument, and in pleading or proving any provision of this Agreement, it shall not be necessary to produce more than one (1) of such counterparts. Facsimile and or PDF transmission copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same. The exhibits annexed hereto are specifically incorporated and made a part of this Agreement.

g. This Agreement shall inure to the benefit of Defendants, its successors and assigns, including, but not limited to, any corporation, individual, partnership or other entity which may acquire all or substantially all of Defendants' assets and business or with or into which Defendants may be consolidated or merged. This Agreement and its attached exhibits shall inure to the benefit of Plaintiff and his heirs, executors and assigns.

h. This Agreement was negotiated with specific reference to the State of New York and shall in all respects be governed by relevant federal law and the laws of the State of New York.

i. The captions of the sections hereof are for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Agreement. Plaintiff shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

j. Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

THERFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement:

Plaintiff

Anthony Robinson
Date: 1/30/18

David C. Wims, Esq. (as to paragraph 9(e))

Miller Avenue Realty, Inc.
By: _____
Title: Pres
Date: 1-34.18

Partners for Housing – BK10E, L.L.P.
By: _____

816144-6                                8

Date: 1.22.18

Title: Pres
Date: 1.22/18

Abraham Bredder

Date: _____

STATE OF NJ NY )
COUNTY OF ESSEX Kings )SS.

CHARLES M. GIANNI, JR.
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Sept. 10, 2022

DAVID C. WIMS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02WI6107749
Certified in Kings County
Commission Expires August 18, 201/ 20

On January 22, 2018 before me personally came Anthony Robinson, known to me to be the individual described in, and who executed the foregoing Agreement and duly acknowledged to me that he executed same.

Notary Public

STATE OF NJ )
COUNTY OF ESSEX )SS.:

CHARLES M. GIANNI, JR.
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Sept. 10, 2022

On 1.22, 2018 before me personally came Abraham Bradler, known to me to be the individual described in, and who executed the foregoing Agreement on behalf of and as President of Miller Avenue Realty, Inc. and duly acknowledged to me that he/she is an officer of Miller Avenue Realty, Inc. and executed this Agreement on behalf of said entity.

Notary Public

STATE OF NJ )
COUNTY OF ESSEX )SS.:

CHARLES M. GIANNI, JR.
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Sept. 10, 2022

On 1.22, 2018 before me personally came Abraham Bredder, known to me to be the individual described in, and who executed the foregoing Agreement on behalf of and as President of Partners for Housing – BK10F, L.L.P. and duly acknowledged to me that he/she is an officer of Miller Avenue Realty, Inc. and executed this Agreement on behalf of said entity.

Notary Public

816144-6

9

STATE OF __NJ__ )
                           )SS.:
COUNTY OF __Essex__ )

On __January 22__, 2018 before me personally came Abraham Brender, known to me to be the individual described in, and who executed the foregoing Agreement and duly acknowledged to me that he executed same.

                                                      Notary Public

CHARLES M. GIANNI, JR.
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Sept. 10, 2022

## EXHIBIT A

1. In exchange for the promises made by Plaintiff and Defendants in this Agreement, Defendants shall deliver to Plaintiff and Plaintiff's attorneys the total gross sum of Twenty-Eight Thousand Dollars and Zero Cents ($28,000.00) ("Settlement Sum") in accordance with this Agreement and this Exhibit A. Payment of the Settlement Sum shall be made within three (3) business days of the following acts: (a) Plaintiff executing and providing the Agreement to Defendants' counsel with corresponding executed W-9s (including a W-9 for Plaintiff's counsel's office); (b) Plaintiff's attorney executing and providing to Defendants' counsel an FRCP 41(a)(2) in the form attached hereto as Exhibit B; (c) Plaintiff declining to revoke the Agreement in accordance with paragraph 8 of the Agreement; (d) the expiration of the revocation period noted in paragraph 8 of the Agreement; (e) the approval of the Agreement by the Magistrate or District Court Judge presiding in the instant matter; (f) Plaintiff's return to Defendants of all keys to his apartment located at 437 Miller Avenue, Brooklyn, New York 11207, as well as any other keys he was provided by Defendants or otherwise procured or made, in connection with his employment with Defendants; and, (g) Plaintiff's counsel advising Plaintiff has vacated his apartment located at 437 Miller Avenue, Brooklyn, New York 11207. All payments made pursuant to this Agreement will be held in escrow by Plaintiff's counsel and will be released only after Defendants confirm via site inspection that item (g) is satisfied. Said site inspection will take place within two (2) business days of Plaintiff's counsel advising item (g) has been satisfied. Payment of the Settlement Sum shall be made by three (3) checks as follows:

   i. One check payable to the order of Anthony Robinson in the gross amount of Nine Thousand Three-Hundred Thirty-Three Dollars Thirty-Three Cents ($9,333.33). The foregoing amount shall constitute back wages and is subject to applicable federal, state, municipal and social security taxes. Defendants will apply a tax rate for said back wages, and provide a W-2, based upon information contained in Plaintiff's most recent W-4 on file with Defendants;

   ii. One check payable to the order of Anthony Robinson in the gross amount of Nine Thousand Three-Hundred Thirty-Three Dollars Thirty-Four Cents ($9,333.34). The forgoing amount shall constitute liquidated damages subject to W9 reporting and will not be subject to applicable federal, state, municipal and social security wages;

   iii. One check payable to "David C. Wims, Esq." in the gross amount of Nine-Thousand Three-Hundred Thirty-Three Dollars and Thirty-Three Cents ($9.333.33). The foregoing amount shall constitute attorneys' fees subject to W9 reporting.

The checks referenced in paragraph 1 (i)-(iii) shall be delivered via overnight mail to the Law Office of David Wims, 1430 Pitkin Ave., 2nd Floor, Brooklyn, New York 11233, Attn: David C. Wims, Esq.

Plaintiff and his attorneys understand and agree they are responsible for making and/or paying all of their taxes relating to monies they receive under this Agreement, regardless of

816144-6

whether Plaintiff or Plaintiff's attorneys receive an IRS Form 1099 for monies they receive under this Agreement;

        2.     The payment mentioned in enumerated paragraph 1 of this Exhibit "A" shall be in full satisfaction of any and all claims for unpaid wages, gap time pay, spread of hours pay, overtime pay, failure to maintain time or wage records, failure to furnish employees with proper wage statements, notice, or records and all other claims that were or, could have been asserted in the Federal Matter, whether known or unknown, under federal, state, and/or local wage and hour laws (including but not limited to the FLSA, the NYLL and New York Code of Rules and Regulations), from the beginning of the world through the date of this Agreement. This release includes all claims for all damages arising from any such released claims, including claims for liquidated damages, interest, and attorneys' fees and costs.

                                                             _____
                                                             Anthony Robinson

STATE OF __NY__ )
                       )SS.:
COUNTY OF __Kings__ )

        On __1/30__, 2018 before me personally came Anthony Robinson, known to me to be the individual described in, and who executed the foregoing Agreement and duly acknowledged to me that he executed same.

                                                             Notary Public

DAVID C. WIMS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02WI6107841
Qualified in Kings County
Commission Expires August 18, 2020

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY ROBINSON,

                            Plaintiff,

-against-

MILLER AVENUE REALTY, INC., *et al.*,

                            Defendants.
------------------------------------------------------------X

Case No. 17-CV-4676 (ARR)(JO)

**FRCP 41(a)(2)**
**VOLUNTARY DISMISSAL**
**WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED,** by and between the parties that pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure the within action shall be, and the same hereby is, dismissed in its entirety, with prejudice and without costs and/or attorneys' fees to any party as against any other party, except that said dismissal is without prejudice to Plaintiff reopening this case in the event that Defendants fail to make all of the payments set forth in the Parties' Settlement Agreement;

**IT IS FURTHER STIPULATED AND AGREED,** that this Stipulation may be signed in counterparts and by facsimile or electronic signature each of which shall be an original but all of which together shall constitute one and the same instrument. This Stipulation may be filed without further notice with the Court.

Dated: 1/30, 2018

**LAW OFFICE OF DAVID WIMS**

By: _____
David C. Wims, Esq.
1430 Pitkin Ave., 2nd Floor
Brooklyn, New York 11233
Tel: (646) 393-9550
dwims@wimslaw.com
*Counsel for Plaintiff*

Dated: 1/25, 2018

**MELTZER, LIPPE, GOLDSTEIN, & BREITSTONE, LLP**

By: _____
Gerald C. Waters, Jr., Esq.
190 Willis Avenue
Mineola, NY 11501
Tel: (516) 747-0300
gwaters@meltzerlippe.com
*Attorneys for Defendants*

So Ordered:

_____

816144-6